IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-155-CR




JIMMY SNEED,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 102,412, HONORABLE BOB PERKINS, JUDGE


 




PER CURIAM

 The district court found appellant guilty of indecency with a child and assessed
punishment, enhanced by a previous felony conviction, at imprisonment for twenty years. Tex.
Pen. Code Ann. § 21.11 (1989). In his sole point of error, appellant asks this Court to reform
the judgment to reflect a conviction for a third degree felony rather than a first degree felony. 
The State joins in this request.

 The record reflects that the court found appellant guilty of indecency with a child
by exposure, as alleged in the second count of the indictment. This is a third degree felony. Id.
at § 21.11(d). When assessing punishment, the court stated:


 And because I found that enhancement allegation to be true, that basically raises this
up from a third degree felony to second degree felony. So 20 years is the maximum
that you can receive.


 The Court having found the enhancement allegation true, I do assess your
punishment at 20 years confinement.

 The judgment erroneously recites that appellant was found guilty of a first degree
felony. Therefore, the judgment is reformed to reflect that appellant was found guilty of a third
degree felony. As reformed, the judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Reformed, and as Reformed, Affirmed

Filed: May 1, 1991

[Do Not Publish]